THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN H. POST, Appellant, v. HUGH J. GRANT, Sheriff, etc., Respondent.

*Commitment for contempt may be issued by any justice of the Supreme Court while holding a term in any part of the State — a defendant may be arrested without a commitment upon a certified order directing it — a party must elect between the two — a commitment which fails to state the acts to be done and the amount to be paid is fatally defective — Code of Civil Procedure, secs. 2036, 2283.*

Upon an appeal from an order dismissing a writ of *habeas corpus* and remanding the relator to the custody of the sheriff of New York, it appeared, from the return of the sheriff, that the relator was held in custody under a commitment, signed by a justice of the Supreme Court sitting in the first department, which referred to an order made July 16, 1887, at a Special Term held in Poughkeepsie, in an action against the relator and other persons, and which ordered that he be

committed to the common jail of Richmond county, there to remain, charged with the contempt mentioned in the order, until he should have paid the fine imposed upon him for misconduct, and until he should cancel certain certificates of the capital stock of an incorporated company mentioned in the order.

*Held,* that the commitment in question, being granted upon an *ex parte* application, could be issued by any justice of the Supreme Court while holding a term of the Supreme Court in any part of the State.

That the relator could, under the provisions of section 2283 of the Code of Civil Procedure, have been arrested without the issuance of any commitment, a certified copy of the order directing the commitment being a sufficient warrant, that the issuance of the commitment was, therefore, unnecessary in the case at bar; although the proceeding by commitment was entirely regular and was expressly authorized by section 2281 of the said Code.

That, although the objection that the sheriff of New York had no power to imprison the relator in Richmond county, as commanded by the commitment, might be well taken, it would not entitle the relator to his discharge upon a *habeas corpus,* as it is expressly provided by section 2036 of the Code of Civil Procedure that, in such a case, the order remanding him must commit him to the custody of the officer or person lawfully entitled thereto, and that, in this case, he should have been committed to the custody of the sheriff of Richmond county.

The commitment in question did not specify the acts to be done by the relator, but referred to another order and judgment therefor.

*Held,* that it was fatally defective, as it failed to comply with the direction contained in section 2285 of the Code of Civil Procedure, that where the misconduct consists of an omission to perform an act or duty, the order and the warrant of commitment, if one be issued, must specify the act or duty to be performed and the sum to be paid.

That parties proceeding to enforce penalties for contempt must either proceed by arrest under a certified copy of the order or by arrest under a commitment, but that they cannot do both; they must elect their course of procedure, and be governed by such election in all subsequent stages of the proceeding.

That the relator was entitled to his discharge from arrest under this commitment.

*It seems,* that if the commitment had recited the order, so that it became part thereof, that would have been sufficient, but the order was in no manner made a part of the commitment by a simple reference thereto.

Appeal from an order of the New York Special Term, made on January 10, 1888, and entered in the clerk's office of the city and county of New York on January 11, 1888, dismissing a writ of *habeas corpus* and remanding the relator to the custody of the sheriff of New York.

It appears, by the relator's petition, and the exhibits annexed thereto, that, at the time the writ of *habeas corpus* was issued, he was in the custody of the sheriff of the city and county of New

York, by virtue of an order made by Mr. Justice Barnard at a Special Term of the Supreme Court, at Poughkeepsie, on July 16, 1887, in an action brought by Thomas M. King and others against Reon Barnes, the relator, and others.. A certified copy of this order was delivered to the sheriffs of New York and Richmond counties. On July 21, 1887, a commitment was signed by one of the justices of the Supreme Court sitting in the first department. This commitment referred to the order of July 16, 1887, in an action against the relator and other persons, and ordered that the relator be committed to the common jail of Richmond county, there to remain charged with the contempt mentioned in the order until he should have paid the fine imposed upon him for misconduct, and until he should cancel certain certificates of the capital stock of an incorporated company mentioned in the order. The sheriff returned that he had the relator in his custody, and that the "authority and true cause of imprisonment is a commitment issued upon an order of the Supreme Court." A copy of the commitment was annexed to the return, and the commitment refers to the order of June sixteenth, and recites the provisions of that order.

*Noah Davis*, for the appellant.

*W. W. MacFarland*, for the respondent.

Van Brunt, P. J.:

The validity and sufficiency of the order, in pursuance of which the commitment in question issued, having been determined by the Court of Appeals against the contention of the relator, no question as to the regularity and sufficiency of the order is now before the court, and the only points which remain undetermined are as to the sufficiency of the commitment and the power of the respondent to arrest and hold the relator thereunder.

The learned justice who made the order appealed from, in his opinion has conclusively shown that the court which issued this commitment had full power and authority so to do. The Supreme Court of the State is one court, though having numerous justices and clerks, and any justice holding a court in any part of the State may make an order of the Supreme Court in any action, no matter in what county the venue may be laid, unless such order is required

to be or is made upon notice (Code of Civil Pro., §§ 768, 769), except in certain cases regulated by special statutes. Therefore, the commitment in question being *ex parte*, application could be issued by any justice of the Supreme Court while holding a term of said court in any part of the State.

Under the provisions of section 2283 of the Code, the defendant could have been arrested without the issuance of any commitment, a certified copy of the order directing the commitment being a sufficient warrant. The issuance of the commitment was, therefore, unnecessary in the case at bar, although the proceeding by commitment was entirely regular and is expressly authorized by section 2281. The objection that the sheriff of New York had no power to imprison the relator in Richmond county, as commanded by the commitment, may be well taken, but this defect in no way invalidates the proceeding. The commitment ran to the sheriff of New York county, or any other county, and although perhaps the most regular practice would have been to have issued the commitment to the sheriff of Richmond county, who it appears could have made the arrest in any county of the State and have taken the prisoner to the county of Richmond for incarceration (*People ex rel. Johnson v. Nevins*, 1 Hill, 154; Code of Civil Pro., § 118), the fact that the arrest was actually made by the sheriff of New York county in no manner entitles the relator to his discharge. If the relator is rightfully under arrest merely because he has been taken by the wrong person, in no manner entitles him to his discharge upon a *habeas corpus*.

By section 2036 of the Code it is expressly provided that, where a prisoner is not entitled to his discharge, he must be remanded to the custody from which he was taken, unless the person in whose custody he was is not lawfully entitled thereto, in which case the order remanding him must commit him to the custody of the officer or person so entitled. By this provision, if the relator should properly have been arrested by the sheriff of Richmond county, as we think he should have been, it was the duty of the court, upon dismissing the writ of *habeas corpus*, to have remanded the relator not to the custody of the sheriff of New York, from whose custody he was taken, but to the custody of the sheriff of Richmond county, in whose custody he belonged.

That a sheriff of one county may arrest in another, for the

purposes of incarceration in his own county, has been expressly recognized by section 118 of the Code of Civil Procedure, which provides that a sheriff, who has lawfully arrested a prisoner, may convey his prisoner through one or more counties in the ordinary route of travel from the place where the prisoner was arrested to the place where he is to be confined. The case already cited of the *People ex rel. Johnson* v. *Nevins* recognizes the same power. We are of the opinion, therefore, that the relator was not entitled to his discharge simply because of his arrest by the sheriff of New York, but that he should have been remanded to the sheriff of Richmond county, to be confined pursuant to the commitment.

The objection raised to the sufficiency of the commitment raises a more serious question. The commitment in question does not specify the acts to be done by the relator, but refers to another order and judgment therefor. This does not seem to be a compliance with section 2285 of the Code. This section provides that where the misconduct consists of an omission to perform an act or duty, the order and the warrant of commitment, if one be issued, must specify the act or duty to be performed and the sum to be paid. In the case at bar, the warrant of commitment does not specify the acts to be performed, but refers to the order and judgment. This is not a compliance with the requirements of the Code. The commitment must specify the act to be done, where one is issued, and no reference can be had to any other paper to supply this defect. The reason of this provision is obvious; it is for the purpose of enabling the sheriff to determine when the prisoner is entitled to his liberty. The answer made by the respondent to this objection does not seem to meet the difficulty.

It is of no consequence how well the relator knew what he was bound to do; neither would it have remedied the difficulty if the sheriff had returned that he held the relator under a certified copy of the order, as well as under the commitment. We suppose that the parties proceeding to enforce penalties for contempt must either proceed by arrest under a certified copy of the order, or by arrest under a commitment, but that they cannot do both. They must elect their course of procedure, and be governed by such election in all subsequent stages of the proceedings. If the commitment had recited the order so that it became part thereof, that would have

been sufficient; but the order was in no manner made a part of the commitment by a simple reference thereto. The provisions of the Code in respect to this matter seem to be distinct, and must be followed. The commitment, therefore, being fatally defective, the relator was entitled to his discharge from arrest under this commitment.

Order reversed, with ten dollars costs and disbursements, and prisoner discharged from arrest under commitment issued July 21, 1887.

Bartlett and Macomber, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and prisoner discharged from arrest under commitment issued July 21, 1887.